UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIKORSKY INTERNATIONAL OPERATIONS, INC., *Plaintiff/Counterclaim Defendant*, <br><br> v. <br><br> BABCOCK MISSION CRITICAL SERVICES LIMITED, *Defendant/Counterclaim Plaintiff.* | No. 3:19-cv-00833 (OAW) |

**OMNIBUS ORDER**

**THIS ACTION** is before the court upon Plaintiff's Motion for Protective Order, ECF No. 202, and Defendant's Motion to Compel, ECF No. 204 (together, "Motions"). The court has reviewed the Motions; all Motions to Seal submitted in connection with the Motions, ECF Nos. 201, 205, 209, and 211; all exhibits; and the record in this matter and is thoroughly apprised in the premises. For the reasons laid out herein, the Motions to Seal are **GRANTED in part**; the Motion for Protective Order is **GRANTED**; and the Motion to Compel is **DENIED**.

I. **BACKGROUND**

The court assumes familiarity with the facts alleged at trial, but briefly notes that Defendant contracted to purchase several helicopters from Plaintiff but then declined to accept delivery of some of them. Plaintiff brought suit to recover damages, and the undersigned presided over a bench trial thereupon, but before issuance of the court's findings of fact and conclusions of law, Plaintiff filed a notice indicating that it had sold one of the helicopters at issue, thereby altering the damages calculation. The court

1

opened post-trial discovery for the limited purpose of ascertaining the effect that the sale would have on the damages calculation, and the parties now ask the court to resolve a post-trial discovery dispute.

## II. DISCUSSION

### A. Motions to Seal

The court begins with the several motions to seal that the parties filed in conjunction with various submissions. *See* ECF Nos. 201, 205, 209, and 211. Both parties wish to redact certain information that Plaintiff has designated as confidential. Broadly speaking, this confidential data consists of the identity of Plaintiff's non-party clients, and the specifics of any contracts with such clients, including pricing.

The court agrees that this information constitutes proprietary commercial information that should not and need not be publicly disclosed. But the four sealed documents at issue, ECF Nos. 203, 206, 210, and 212, are more heavily redacted than is necessary to protect Plaintiff's trade secrets. Indeed, these documents redact certain information (such as the entire topic of discovery at issue) that already is publicly disclosed in Plaintiff's motion to reopen discovery. *See* ECF No. 176. For example, in that public document, Plaintiff states, "After evidence closed, Sikorsky entered into a contract for the sale of two S-92 helicopters and later elected to allocate Helicopter 16 to that new sale contract." *Id.* at 1. This sentence was not redacted. Now, though, in its memorandum in support of its motion for protective order, ECF No. 203, Plaintiff redacts the entirety of a nearly-identical sentence: "Following the close of evidence, Sikorsky entered into a contract for the sale of two S-92 helicopters and later allocated Helicopter

2

16 to that new sale contract (the '[Third Party Client] Contract')." But the only sensitive information (and the only information Plaintiff has not already disclosed) is the identity of the third-party buyer, which easily can be disguised through alteration, as in the previous sentence.[1]

Similarly, Plaintiff has redacted the entirety of the following sentence: "Instead, Babcock seeks to engage in far-reaching discovery concerning sensitive, ongoing communications between Sikorsky and its third-party customer that do not relate to the costs to Sikorsky in completing the resale of Helicopter 16." *See* ECF No. 203-1 at 2. However, the fact that Defendant seeks disclosure of all communications with the new buyer is not even commercial information, much less proprietary. The communications themselves may be protected, but the fact that Defendant has requested them is not.

Accordingly, all the motions to seal are granted in part. The parties are instructed to revise their public filings to redact only information that has not been published already, and only information that concerns the specifics of Plaintiff's new contract (such as the identity of the buyer), and not the fact thereof.

### B. Cross-Motions

The substantive dispute centers around communications between Plaintiff and the buyer of Helicopter 16. Defendant seeks (1) disclosure of all communications between Plaintiff and the buyer, and (2) designation of an individual with knowledge of these communications whom Defendant can depose. Plaintiff objects to both requests, arguing that it is beyond the limited scope for which the court authorized post-trial discovery, and

---

[1] The court posits that much of these filings likely could have been drafted so as to obviate the need for redaction altogether. For example, the identity of Plaintiff's new buyer is not essential to the legal issues presented, and so it might have been omitted entirely. The court encourages the parties to make more strategic decisions regarding drafting in the future so as to seal as little of the public docket as possible.

seeks a protective order against the requests. Defendant asserts that its requests are narrow and that Plaintiff has not claimed that the requests pose any undue burden, so the requests ought to be satisfied.

The court agrees with Plaintiff. In the first instance, Defendant's request is not narrow. Defendant asks for *all* communications between Plaintiff and its buyer, arguing that they will allow Babcock to assess Sikorsky's claim as to the costs incurred in Plaintiff reselling Helicopter 16, and that they will show that the eventual buyer of Helicopter 16 breached that sale agreement. This request is overbroad, since much of those communications likely will contain negotiations that have nothing to do with any breach (if one exists), and they are likely to constitute protected commercial information. A discovery request must be reasonably calculated to lead to relevant evidence, *Wilson v. Condie*, No. CIV 306CV1391 (JCH), 2007 WL 3226171, at *1 (D. Conn. Oct. 29, 2007), and Defendant's request, without any specifics as to mode, subject, or time period, is far too broad to be considered calculated at all.

Moreover, though, the communications between Plaintiff and its buyer are not relevant to the narrow purpose for which discovery was reopened, that is, to determine the costs incurred in making Helicopter 16 saleable to that buyer. Defendant speculates that some of the work done on Helicopter 16 was extracontractual, that Plaintiff did more than was required in order to please the buyer, and those costs should not be claimed as damages. The court is unconvinced. There is nothing in the record to indicate that any extracontractual work was done. Defendant is extrapolating from the increase in costs Plaintiff has reported, but this is sheer guesswork from Defendant. There is no support for Defendant's conclusion that it is unreasonable for Plaintiff to expend approximately $9

million in updating, testing, and replacing parts of a several-years-old helicopter that has remained dormant since its production.  The court notes that the helicopter cost several times this number, and Plaintiff has supplied a complete accounting of each repair and replacement comprising this total.  Defendant has pointed to none of those line items as suspect, and Plaintiff has agreed to make available someone for a deposition who can speak to the various costs incurred.  This is adequate to satisfy the post-trial demands of the case.

Supplemental discovery has been permitted for the narrow purpose of ascertaining the costs associated with Plaintiff's resale of Helicopter 16, and at this point in litigation, long after evidence at trial, the court wishes to avoid allowing post-trial discovery to unnecessarily prolong this action beyond that for which the court is responsible, and most apologetic.  Any number of circumstances, if shown, could be beneficial to Defendant in this litigation (such as that the helicopters were damaged while in Plaintiff's possession due to Plaintiff's negligence, or that they were poorly constructed) but absent any indicia that they actually occurred, the court will not expand the scope of permissible discovery.  This is particularly so where the requested discovery might instead relate to a new legal issue not argued at trial (specifically, whether Defendant might portray any conduct from the new buyer as a breach, and the impact of such potential breach on the costs Plaintiff incurred in selling Helicopter 16).

### C. <u>Status Conference</u>

Finally, given that this ruling appears to cover those topics the parties wished to discuss with the undersigned in person, the motion for an in-chambers conference, ECF No. 190, is denied as moot.

### III. **CONCLUSION**

Accordingly, it hereby is **ORDERED AND ADJUDED** as follows:

1. The parties' motion for a status conference, ECF No. 190, is **DENIED as moot.**

2. The parties' motions to seal, ECF Nos. 201, 205, 209, and 211, are **GRANTED in part.** The parties are instructed to review their sealed filings at ECF Nos. 203, 206, 210, and 212 and to remove unnecessary redactions in accordance with the court's conclusions herein. The revised versions of the documents shall be filed on or before **July 25, 2024.**

3. The parties' Motion to Amend, ECF No. 200, is **GRANTED.** Post-trial discovery shall terminate **July 25, 2024.** The parties may agree to any interim discovery deadlines.

4. Plaintiff's Motion for Protective Order, ECF No. 202, is **GRANTED.**

5. Defendant's Cross-Motion to Compel Discovery, ECF No. 204, is **DENIED.**

**IT IS SO ORDERED** at Hartford, Connecticut, this 25th day of June, 2024.

                                                      /s/
                                        OMAR A. WILLIAMS
                                        UNITED STATES DISTRICT JUDGE